### Ferrell v. Bauer Cooperage Company, etc.

(Decided September 23, 1914.)

## Appeal from Wayne Circuit Court.

Land—Deeds—Possession—Boundaries.—Where one has a deed describing a tract of land by courses and distances, and actually enters upon and encloses a part of it, his possession will extend to the entire boundary.

JOE BERTRAM & SON for appellant.

KENNEDY & KENNEDY for Bauer Cooperage Co.

F. R. HARRISON for appellee, G. W. Burnett.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In 1872 Peter Adkins conveyed to Charles Elam two tracts of land in Wayne County, one 100 acre survey and one 20 acre survey adjoining it.

The two tracts were described separately by courses and distances, but were embraced in the same conveyance.

Elam immediately erected a house on the larger tract and fenced it, together with a small part of the 20 acre survey, making one enclosure. He continued to own and hold possession of this enclosure until 1901, when he conveyed it to Jerry Anderson, who has since done likewise.

Elam and Anderson have each used the unenclosed part of the smaller survey in connection with the enclosed part of the two tracts.

In 1905 appellant, being of opinion that the larger part of the 20 acre tract was not embraced within the lines of Adkins' deed to Elam, procured from the State a patent for 17 acres within the lines of the 20 acre tract.

The appellees, Bauer Cooperage Company, and George Burnett, under a contract with the present owner of the 20 acre tract, cut and removed certain timber therefrom, whereupon appellant instituted suit against them for trespass. The present owner, Anderson, came into the action and asserted his title.

The lower court, at the conclusion of all the evidence, directed the jury to return a verdict for the defendants. It is first argued that the "Wolf Cliff," where the land in controversy lies, is not embraced by the calls of the Elam deed; but in view of our conclusion on the question of adverse possession it is unnecessary to pass upon this question.

The undisputed evidence is that Elam and Anderson have since 1872 been in actual possession with an enclosure of all of the larger tract and a small part of the 20 acre tract; that during all that time they each claimed under the Adkins deed, which was on record; and that it embraced the Wolf Cliff; that in addition to having a part of the 20 acre tract enclosed they used the whole of the two tracts as one farm, and cut timber from the Wolf Cliff, and sold timber from it to other parties.

It has long been the rule in this State that where one has a deed describing a tract of land by courses and distances, and actually enters upon and encloses a part of it, that his possession will extend to the entire boundary.

This precise question was involved in the recent case of Burt-Brabb Lumber Company v. Sackett, 147 Ky., 232, wherein the court said:

"But when the person claiming by adverse possession has a deed of record, and this deed describes as do the Shell deeds the boundary by natural or artificial objects so that it can be run by a surveyor and he makes an actual settlement, or enclosure within the boundary, this will carry his possession to the extent of the boundary described in the deed, although the boundary described in the deed might be wholly insufficient to constitute a well marked boundary, if there was no deed. The reason for this is that the deed on record gives notice of the extent and lines of the possession, and if the owner or any person desires to know how much the settler claims outside of his clearing, it can be ascertained by an inspection of the deed and by running its lines."

In that case the authorities on this subject were fully discussed.

We are of opinion that the lower court properly instructed the jury to find for the defendants and the judgment is affirmed.